IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-1836-L** |
| | § | |
| DAWN M. HUDGINS a/k/a Dawn M. Armstrong, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the United States' Motion for Default Judgment, filed July 2, 2015. After careful consideration of the motion, appendix, record, and applicable law, the court **grants** the United States' Motion for Default Judgment.

**I.   Background**

The United States ("Plaintiff" or "United States") filed Plaintiff's Complaint ("Complaint") on May 27, 2015, against Dawn M. Hudgins a/k/a Dawn M. Armstrong ("Defendant" or "Hudgins"). This action arises from the failure of Hudgins to make the required payments on a loan she obtained in September 1998. The loan was disbursed for $4,000 and $2,625 on October 5, 1998, through January 8, 1999, at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by Texas Guaranteed Student Loan Corporation and then reinsured by the Department of Education under the loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 *et seq.* (34 C.F.R. Part 682). After demand of payment by the United States, Hudgins defaulted on the loan on December 20, 2000.

Hudgins was served with a copy of the summons and Complaint on May 30, 2015. Defendant was required to answer or otherwise respond to the Complaint by June 22, 2015, 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. As June 20, 2015, was a Saturday, the time to answer expired on June 22, 2015. To this date, Hudgins has not answered or otherwise responded to the Complaint.

On June 29, 2015, the United States requested the clerk of court to enter a default against Hudgins, and the clerk entered default against Hudgins the same day. Plaintiff now requests the court to enter a default judgment against Hudgins and award it damages and applicable interest as a result of his default.

## II. Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Hudgins. The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

Hudgins, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Hudgins is in default and that the United States is entitled to a default judgment and appropriate damages.

Based on the record, the total amount that Hudgins owed the United States as of December 29, 2014, was $3,472.27 ($3,266.67 in principal and $205.60 in interest). Interest accrues on the principal at the rate of 2.33% per annum, or a per diem rate of $.21. The number of days from December 29, 2014, to July 9, 2015, is 193, which results in additional interest in the amount of $40.53. Therefore, the total amount of judgment to which the United States is entitled is **$3,512.80.**

### III.    Conclusion

For the reasons herein stated, the court **grants** the United States' Motion for Default Judgment, and Plaintiff is entitled to and shall recover from Defendant the amount of **$3,512.80.** The court will enter judgment by separate document, as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of the United States.

**It is so ordered** this 9th day of July, 2015.

　　　　　　　　　　　　　　　　　　　　　　　Sam A. Lindsay
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge